```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-24096-Civ-SEITZ
                              (06-20634-Cr-SEITZ)
                         MAGISTRATE JUDGE P. A. WHITE
```

GLENNORRIS ALSTON,            :

    Petitioner,               :

v.                            :              REPORT OF
                                         MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

    Respondent.               :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, entered following a guilty plea in criminal case no. 06-Cr-20634-Seitz.

The Court has reviewed the movant's motion (Cv-DE# 11), the government's response with multiple exhibits (Cv-DE# 19), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

    1.    He was denied effective assistance of counsel where counsel failed to object to the PSI.

    2.    The PSI contained several factual errors as a

        result of the alleged "unprofessional conduct" of the probation officer.

3. On resentencing his resulting sentence was not the same 50% reduction from the guidelines that he received on his prior sentence.

4. The trial court recommendation that he complete the drug program has had a negative impact on his sentence.

### Procedural History

The procedural history of the underlying criminal case reveals that on October 3, 2006, the federal grand jury returned an indictment charging the movant with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §846 (Count One) and possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §846 (Count Two).

Thereafter, on February 13, 2007, the movant pleaded guilty as to Count One only. (Cr-DE#46).

A PSI was prepared in anticipation of sentencing. The probation officer determined that the offense involved possession with intent to distribute at least 15 kilograms but less than 50 kilograms of cocaine resulting in a base offense level was 34. (PSI¶17). However, because the movant clearly demonstrated acceptance of responsibility for his offense, his base offense level was reduced by three levels. (PSI¶¶24-25). The total offense level was set at 31. (PSI¶26).

The probation officer further determined the movant had eight

criminal history points and a criminal history category of IV. (PSI¶42). Based on a total offense level of 31 and a criminal history category of IV, his guideline imprisonment range was 151 to 188 months. (PSI¶80).

On June 12, 2007, the movant appeared for sentencing wherein he was sentenced to 151 months imprisonment, followed by 5 years of supervised release and $100 special assessment. (Cr-DE#75). The movant requested, and received, a recommendation for the 500 hour drug treatment plan. (Cr-DE#103, p. 28-29). The Clerk entered judgment on June 13, 2007. (Cr-DE#76). No direct appeal ensued.

On January 15, 2009, the government filed a Motion to Reduce Sentence pursuant to Rule 35, due to the movant's substantial assistant in the prosecution of other individuals requesting the court to reduce his sentence by 40%. (Cr-DE#93). On March 2, 2009, the District Court granted the government's motion and reduced the movant's sentence by 50%, or 75 months due to an additional decrease sought by defense counsel. (Cr-DE#100).

The movant filed a motion to vacate on August 10, 2009. (09-22412-Cv-DE#1). In that motion he claimed that the PSI contained six errors. The movant was granted partial relief based on two claims that his prior convictions were incorrectly scored on the PSI. (09-22412-Cv-DE#21 & 26). As a result the movant was granted a resentencing under a properly scored PSI. (09-22412-Cv-DE#21 & 26).

Prior to the resentencing a new PSI was prepared. As required by the order granting resentencing the PSI reflected that (1) his conviction for attempted armed robbery was actually a conviction for attempted unarmed robbery (PSI ¶29); (2) no points were

assessed for a 1997 conviction for resisting an officer without violence (PSI ¶37); and (3) no points were assessed for a 1992 cocaine possession conviction (PSI ¶32). The revised PSI resulted in a guideline range of 135 to 168 months imprisonment. (PSI ¶84).

At the resentencing the parties agreed that the PSI was correct. (CR-DE#118, p. 2). The court announced that it would sentence the movant at the bottom of the guidelines at 135 months and reimpose the 75 months sentence. (Cr-DE#118, p. 3). The movant, through counsel, requested a further reduction because if the first sentence had been correct he would have been in a halfway house in March, 2011, as part of a drug treatment program. (Cr-DE#118, p. 3). He requested the reduction so that he could be put in a halfway house earlier and finish up the 500 hour drug program at the halfway house. (Cr-DE#118, p. 3). The movant, through counsel, requested that the sentence imposed be 50% of the bottom of the newly calculated guidelines. (Cr-DE#118, p. 9). The court denied that request, but reduced the movant's sentence by two additional months to 73 months. (Cr-DE#118, p. 9). The additional reduction was due to the court's concern that the necessity for resentencing may have affected the movant's participation in the drug program. (Cr-DE#118, p. 10, 14). The movant proffered that if he had been sentence to 67 months (or 50% of the 135 month guidelines) he would have entered the drug program sooner and as a result would have been eligible for early release sooner. (Cr-DE#118, p. 19). The court noted that the movant's proffer presumed that he would have received a sentence of 67 months and advised the movant that the sentence, after credit for cooperation, would have been 75 months, regardless of the guideline range. (Cr-DE#118, p. 19). The court proceeded to impose the 73 months sentence as earlier decided. (Cr-DE#118, p. 23). No appeal was taken from the new sentence.

4

Discussion of Claims

Although a second motion filed pursuant to § 2255, the instant motion is directed at the movant's resentencing and does not challenge the underlying conviction. As such it is a successive motion. See Ex parte Green, 215 F.3d 1195, 1196 (11th Cir.2000). As such the merits will be discussed below.

As will be demonstrated in more detail *infra*, the movant is not entitled to vacatur on any of the claims presented. When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner due process of law. The petitioner therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the petitioner's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for failing to object to allegedly false information in the PSI. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result

5

of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Construing the arguments raised by the movant in this §2255 motion with supporting affidavit (Cv-DE#1), the movant appears to argue that, but for counsel's misadvice regarding his exposure at sentencing, he would

6

not have pled guilty, and instead would have proceeded to trial. However, as will be demonstrated *infra*, that claim is clearly refuted by the record.

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d 951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).); See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case)(sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner

v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

Counsel's Failure to Object to PSI

In claim one, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to object to allegedly false information contained in the PSI. He claims that counsel did not provide him with a copy of the PSI prior to resentencing. Although the movant does not identify the alleged false information in his discussion of claim one, he does provide a list of what he claims was false information in his discussion of claim two.

A review of the claimed false information listed by the movant reveals that none of the alleged errors resulted in a higher guideline range. In particular, not one of the alleged errors related to any paragraph that increased his criminal history category or his base offense level. Furthermore, a review of the transcript of the re-sentencing reflects that counsel argued for a further reduction in the movant's sentence, and although not entirely successful counsel was successful in having the movant's sentence reduced by two months.

The movant's claim that counsel was ineffective is without merit because he fails to establish either deficient performance or prejudice. There was nothing of substance for counsel to object to as none of the alleged errors resulted in an increase in the movant's sentence. Even if counsel had objected to the alleged errors the movant's sentence would have been the same. Counsel cannot be found ineffective for failing to raise meritless issues. See generally, Chandler v. Moore, 240 F.3d 907, 917 (11 Cir.2001); Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir.1990). Under these

8

circumstances, no deficient performance or prejudice pursuant to Strickland has been established arising from counsel's failure to pursue this nonmeritorious claim.

Alleged Errors in PSI

In claim two, the movant asserts that the probation officer included false information in the PSI. He contends that this was done intentionally and for personal reasons. He claims that without these errors he would be released from custody.

This claim is not cognizable in a motion to vacate pursuant to § 2255. See Parks v. United States, 832 F.2d 1244 (11th Cir. 1987); Simmons v. United States, 777 F.2d 660 (11th Cir. 1985). The movant has not shown cause for failing to raise this clam of errors in the PSI on direct appeal as required. See Parks. Furthermore as noted above none of the alleged errors had any impact upon the movant's sentence. At best the movant's claims rests upon complete speculation that the sentence might have been different had these alleged errors been corrected. It is also based on unsupported speculation as to the probation officer's alleged motivations. However, as demonstrated by the trial courts reimposition of essentially the same sentence upon correction of the PSI it is highly unlikely that any minor correction to the PSI would have resulted in a lower sentence.

Trial Court's Failure to Apply Same 50% Reduction for Cooperation

In claim three, the movant asserts that his sentence was greater than that recommended in the order granting his first motion to vacate. He seems to he should have automatically received a the same 50% reduction for his cooperation. He cites no authority for his claim.

At the resentencing hearing the court was clear that the original sentence of 75 months was imposed based upon what the court deemed the appropriate sentence based on the movant's conduct. When the movant contended that if he had been sentenced to 67 months he would be nearly finished with the drug treatment program, the court advised the movant that it would not have imposed a 67 month sentence. Ultimately the court did reduce the movant's sentence by two months. The movant has failed to raise or establish any constitutional issue in this claim, it is therefore denied.

Trial Court's Recommendation for Drug Treatment Program

In claim four, the movant contends that the court retained the provision that he complete the drug treatment program. He argues that he is now ineligible to complete the program. He does not provide any documentation to support his allegation that he is no longer eligible for the program. He concludes by stating that he does not wish to finish the program.

The court, at the initial sentencing, and again at the resentencing, merely recommended that the movant complete the 500 hour drug treatment program. While a court may certainly recommend that an inmate participate in a drug treatment program "it is solely within the authority of the Federal Bureau of Prisons ("Bureau") to select those prisoners who will be best served by participation in such programs." United States v. Jackson, 70 F.3d 874, 877 (6th Cir. 1995). Furthermore, participation in the Bureau's residential drug program is voluntary in that enrollment requires the agreement of the inmate as well as satisfactory attendance and participation. See 28 C.F.R. § 550.53. Since the program is voluntary the movant's desire to withdraw from the program is within his own power. The movant has failed to establish

that he was prejudiced by the trial court's recommendation that he participate in a drug treatment program. In fact the successful completion of the program would benefit the movant by providing an opportunity to reduce his sentence. See 18 U.S.C. § 3621(e)(2). Thus this claim fails for failing to establish any constitutional error.

Finally, the movant's request for an evidentiary hearing on his claims. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 28th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Glennorris Alston, pro se
Reg. No. 76963-004
Coleman Correctional Complex Low
P.O. Box 1031
Coleman, FL 33521

Eric A. Hernandez, AUSA
United States Attorney Office
99 Northeast 4th Street
Miami, FL 33132