UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-24096-CIV-SEITZ/WHITE

GLENNORRIS ALSTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING MAGISTRATE REPORT, CLOSING CASE, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon the Report of Magistrate Judge issued by the Honorable Patrick A. White, United States Magistrate Judge [DE-20]. In the Report, Magistrate Judge White recommends that Petitioner, Glennorris Alston's Motion to Vacate Sentence, filed pursuant to 28 U.S.C. § 2255, be denied. Petitioner has filed objections [DE-21] and the Government has filed a response to the objections [DE-22]. Petitioner's § 2255 motion challenges the sentence he received on resentencing on four grounds: (1) ineffective assistance of counsel; (2) the PSI contained errors; (3) he did not receive the same 50% reduction from the guidelines that he had received on his prior sentence; and (4) the trial court's recommendation that he complete a drug rehabilitation program has had a negative effect on his sentence. The Magistrate Judge's Report found that all of Petitioner's claims are without merit.

I. Petitioner's Objection

Petitioner objects to the Report on the grounds that it was improper for this Court to not lower Petitioner's sentence because the Court wanted Petitioner to be incarcerated long enough to complete a drug rehabilitation program. In *Tapia v. United States*, 131 S. Ct. 2382, 2386 (2011), the

Supreme Court held that a sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. In *Tapia*, there were suggestions that the sentencing court imposed a sentence at the high end of the guidelines for the purpose of providing the necessary time for the defendant to complete a drug rehabilitation program, which would violate 18 U.S.C. § 3582(a). *Id.* at 2392. While, in this case, the transcript of the resentencing shows that the Court and the parties discussed the importance of Petitioner completing the drug program, it also shows that, prior to that discussion, the Court determined that under the circumstances, including Petitioner's background and history and the nature of the offense, that a sentence of 75 months was appropriate. The Court ultimately reduced that sentence by another two months, to 73 months. Thus, this case differs from *Tapia* because the Court determined Petitioner's sentence without the consideration of the drug program. Accordingly, Petitioner's Objection is overruled.

## II. Petitioner is Not Entitled to An Evidentiary Hearing

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of the petitioner are affirmatively contradicted by the record or when the contentions of the petitioner are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in detail in the Magistrate Judge's Report and herein, Petitioner's claims are without merit and thus he is not entitled to an evidentiary hearing.

## III. Certificate of Appealability

The Court will deny issuance of a certificate of appealability for Alston's Motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Alston must make "a substantial

2

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010)(quotation omitted). Here, Alston has not made this showing.

Accordingly, having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the record, and the Objections,[1] it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-20] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Petitioner's Motion to Vacate Sentence [DE-1] is DENIED;

(3) Petitioner's Objections are OVERRULED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

(5) This case is CLOSED; and

(6) Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, certification of appealability is DENIED.

DONE and ORDERED in Miami, Florida, this  31st  day of October, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record/*Pro se party*

---

[1] In his Objections, Alston argues that the Bureau of Prisons is operating on the earlier, incorrect Presentence Investigation Report (PSI). The Court has investigated and found that the corrected PSI was not sent to the Bureau of Prisons (BOP) after Alston's resentencing in August 2010. However, as a result of the investigation, the revised and corrected PSI was sent to BOP on October 31, 2011. Hopefully this will correct the BOP's assessment of Alston's eligibility for the benefits of the drug treatment program.

3